# IN THE COURT OF APPEALS OF IOWA

No. 22-1767
Filed February 22, 2023

**IN THE INTEREST OF M.B., R.B., and R.B.,**
**Minor Children,**

**M.B., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Joseph Tofilon, District Associate Judge.

        The mother appeals the termination of her parental rights to three children. **AFFIRMED.**

        Douglas Cook, Jewell, for appellant mother.

        Brenna Bird, Attorney General, and Ellen Ramsey-Kacena (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

        Mary M. Lauver, Lake City, attorney and guardian ad litem for minor children.

        Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

The juvenile court terminated the mother's parental rights to M.B. (born in 2012) and R.B. and R.B. (both born in 2018) under Iowa Code section 232.116(1)(e) and (f) (2022).[1] At the termination trial, the mother admitted the children could not be returned to her care. *See* Iowa Code §232.116(1)(f)(4); *see In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" as "at the time of the termination hearing"). And, here on appeal, she does not contest the statutory grounds for termination. The mother only challenges the juvenile court's denial of her request for additional time to work toward reunification and argues the loss of her rights is not in the children's best interests.

We review termination of parental rights de novo. *D.W.*, 791 N.W.2d at 706.

The mother, who was thirty-six years old at the time of the trial, has used methamphetamine off and on since she was nineteen.[2] The mother's use impacts her parenting, as is evident from the six founded child-abuse assessments issued by the Iowa Department of Health and Human Services against the mother, beginning in 2013 through the most recent assessment in 2020.[3] These assessments are not isolated incidents; they generally result in the department's involvement in the lives of the mother and children. For example, M.B. has been adjudicated a child in need of assistance three separate times.

---

[1] The fathers' parental rights were terminated in prior proceedings.

[2] The mother was asked what her longest period of sobriety was during the approximately seventeen years of use; she testified she maintained sobriety for "close to" a couple of years.

[3] One of the assessments related to the mother driving while intoxicated on alcohol with M.B. in the vehicle; the others related to the mother's use of or possession of methamphetamine while caring for at least one of her children.

The present case started in July 2020 when the mother was pulled over with all three children in the vehicle and found to have drug paraphernalia. The children were formally removed from the mother's custody in October 2020 and remained outside of the mother's care up through the October 2022 termination trial. During those twenty-four months, the mother's longest period of sobriety was about four months—from September 2021 to January 2022. Because of her progress, at the first termination trial in January 2022, the juvenile court decided to give the mother additional time to work toward reunification. But, according to the mother's admission, she used methamphetamine again within a week of getting the extension. Over the next eight months—up to the October termination trial—the mother missed a number of drug tests and tested positive for methamphetamine three times. At the time of the second termination trial, the mother was homeless, unemployed, and not working on her mental health; she self-reported about thirty days of sobriety.

The mother urges us to find she could take over care of the children if given six more months, noting the number of times in the past that she was able to resume parenting without the court's or the department's involvement. But the mother was already given one extension in this case, and, sadly, she is worse off now than she was in January 2022. As the district court put it,

> [w]hen [the mother] was asked why things would go any better over the next six months if she received another extension, she said she had "nowhere to go but up" and later explained that she did not know. If [the mother] could not articulate what she would do differently in the future, the Court surely does not know either.

Like the juvenile court, we cannot list "specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need

for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The mother has not said what she will do differently, and with this history, we cannot say the need for removal will no longer exist in six months.

Lastly, the mother argues termination of her rights is not in the children's best interests. But the children have been out of the mother's care for two years, and she is no closer to being able to provide "constant, responsible, and reliable" parenting than she was at the time of this removal. *See In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012). We are well past the time to prioritize the children's need for permanency. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[T]he interests in permanency for [the children] must prevail over [the mother's] uncertain battle with drugs."); *see also In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency."); *In re V.K.*, No. 19-1630, 2019 WL 6358453, at *3 (Iowa Ct. App. Nov. 27, 2019) ("[B]eyond the parameters of chapter 232, patience with parents can soon translate into intolerable hardship for their children."). While we hope the mother is able to resolve her issues with mental health and addiction, termination of the mother's parental rights and adoption will allow these children to achieve the permanency they need and deserve.

For all of the reasons above, we affirm the termination of the mother's parental rights.

**AFFIRMED.**